FILED
United States Court of Appeals
Tenth Circuit

March 30, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

VINCENT SCOTT, individually and on
behalf of all others similarly situated,

     Plaintiff - Appellant,

v.

ANTERO RESOURCES CORP.,

     Defendant - Appellee.

No. 21-1188
(D.C. No. 1:17-CV-00693-WJM-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

Plaintiff-Appellant Vincent Scott appealed the district court's order granting

summary judgment to Defendant-Appellee Antero Resources Corp. on his overtime

claim under the Fair Labor Standards Act.  The district court's summary judgment

order concluded that Mr. Scott was paid on a "salary basis" under 29 C.F.R.

§ 541.602(a), was therefore a "bona fide executive," and was not entitled to

overtime.  App., Vol. 18 at 4721-22.  We abated this appeal pending the Supreme

Court's decision in _Helix Energy Solutions Group, Inc., et al., v. Michael J. Hewitt_,

143 S. Ct. 677 (2023).  On February 22, 2023, the Court held that an employee whose

---

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pay "is [] a function of how many days he has labored" is not paid on a "salary basis." *Id.* at 686; *see id.* at 682, 692. We asked for supplemental briefing in light of *Helix*. In their supplemental briefs, the parties agree the district court's summary judgment order cannot stand under *Helix*. We therefore REVERSE and VACATE the district court's order granting summary judgment in favor of Antero Resources and REMAND for further proceedings consistent with *Helix*.

Entered for the Court

Per Curiam
